# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FENG CHEN,

    Plaintiff,

v.   Case No: 8:23-cv-1145-CEH-AAS

STEVE PECINOVSKY, UR M. JADDOU, ALEJANDRO N. MAYORKAS and CONNIE NOLAN,

    Defendants.

_____

## ORDER

This matter is before the Court upon review of file. On February 9, 2024, the Court entered an order directing Plaintiff to serve the Government Defendants in accordance with Federal Rule of Civil Procedure 4(i) and to file proof of service on the United States and each of the Defendants. Doc. 10. Because Plaintiff has failed to comply with the Court's Order or to otherwise seek an extension of time in which to do so, this matter will be dismissed.

## DISCUSSION

On May 23, 2023 Plaintiff Feng Chen, through counsel, initiated a Complaint for Mandamus and Declaratory Relief against Government Defendants seeking an order compelling Defendants to adjudicate Plaintiff's I-730 Refugee/Asylee Relative Petitions for his wife and daughter. Doc. 1. Because no activity occurred for nearly six months on the case, the Court issued an Order to Show Cause to Plaintiff as to why

Defendants had not been served. Doc. 5. Plaintiff responded to the Court's Order stating it was an inadvertent oversight. Doc. 8. His response indicated that the required documents had now been filed. *Id.*

Because it was readily apparent from the docket that Plaintiff had not yet properly served Defendants,[1] the Court issued another order on February 9, 2024. Doc. 10. In the February 9 Order, the Court directed Plaintiff to serve each of the Government Defendants, in accordance with Federal Rule of Civil Procedure 4(i), with a summons and a copy of the Complaint by March 8, 2024. The Court further directed Plaintiff to file proof of service on the United States and each of the Defendants no later than March 29, 2024. Plaintiff has failed to comply with the Court's Order or to seek an extension of time in which to do so. In its Order, the Court cautioned Plaintiff that "[f]ailure to comply with these deadlines will result in dismissal of this action without prejudice and without further notice." Doc. 10 at 3.

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K*

---

[1] The docket reflects only one proposed summons submitted and issued. *See* Docs. 6, 9. There is no evidence on the docket of proof of service.

*Agencies, Ltd.*, 432 F.3d at 1337. Additionally, under the Middle District of Florida's Local Rules, a party's failure to comply with a deadline regarding filing proofs of service can result in dismissal of the action without notice and without prejudice. *See* M.D. Fla. Local Rule 1.10(d).

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court's Order provided Plaintiff with notice and the opportunity to effect service on Defendants. Plaintiff has failed to respond to the Court's Order, failed to file proofs of service on Defendants, and failed to seek an extension of time to do so. Accordingly, upon consideration, it is hereby

**ORDERED**:

1. This action is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on April 2, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties, if any